Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.B. AND C.B. *on behalf of* M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>UNION COUNTY BOARD OF EDUCATION, KIM CONTI, KARI RING, SHIFRA TARICA, AND DR. SCOTT TAYLOR,<br><br>Defendants. | Civil Action No.: 22-0354 (ES) (JBC)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is a motion filed by Defendants Union County Board of Education ("the Board"), Kim Conti, Kari Ring, and Dr. Scott Taylor (collectively, "Defendants") to dismiss claims brought by Plaintiffs N.B. and C.B., proceeding *pro se*, on behalf of their minor child, M.D. (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 48 ("Mov. Br.")). In the pleadings, Plaintiffs allege (i) failure to provide M.D. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; and (ii) violations of the No Child Left Behind Act ("NCLBA"), 20 U.S.C. § 6301 *et seq.* (D.E. No. 37 ("Amended Complaint" or "Am. Compl.") at 2).[1] Plaintiffs have not opposed the motion. The Court has carefully considered Defendants' submission and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

---

[1] Unless otherwise noted, pin cites to Docket Entry Numbers 37 and 37-1 refer to pagination automatically generated by the Court's electronic filing system.

1

**I.      BACKGROUND**

The Court first provides the legal framework governing this special education matter pursuant to the Individuals with Disabilities Education Act to contextualize the factual and procedural history.

**A.  Individuals with Disabilities Education Act ("IDEA")**

Congress enacted the IDEA to ensure that children with disabilities receive a free appropriate public education ("FAPE"). *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179–83 (1982) (recounting the history and purpose of the IDEA); *see* 20 U.S.C. § 1412(a)(1). Under the IDEA, public educational institutions must evaluate, "identify[,] and effectively educate" disabled students by providing them with a FAPE or, alternatively, "pay for their education elsewhere if they require specialized services that the public institution cannot provide." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735, 738 (3d Cir. 2009); *see also D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012). A FAPE "consists of educational instruction specially designed to meet the unique needs of the . . . child, supported by such services as are necessary to permit the child 'to benefit' from the instruction." *Rowley*, 458 U.S. at 188–89; *see also Sch. Dist. of Philadelphia v. Kirsch*, 722 F. App'x 215, 222 n.5 (3d Cir. 2018).

A public education institution provides a FAPE by way of an "individualized education program" ("IEP"), which is the cornerstone of the IDEA. 20 U.S.C. § 1414(d). A child's IEP is a written document that must include several elements such as the child's present level of performance and measurable yearly goals in light of the child's disability. *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 264 (3d Cir. 2003) (citing 20 U.S.C. § 1414(d)(1)(A)). The IEP must also state "the special services that the school will provide" the child. *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 269 (3d Cir. 2012) (quoting *Schaffer v. Weast*, 546 U.S. 49, 53 (2005)).

"To meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017).

### B. Factual Background

According to the Amended Complaint, Plaintiffs moved to Union Township in 2019. (Am. Compl. at 1295). Plaintiffs allege that their child is a "special education needs child" who was provided with an IEP at her prior school before the family relocated to Union Township. (*Id.*). Plaintiffs allege that upon relocating to Union Township, "the district" placed M.D. on "home instruction" until M.D.'s mother could provide the district with M.D.'s IEP from her prior school. (*Id.*). Further, Plaintiffs allege that the district refused to reevaluate and provide M.D. with an updated IEP and insisted on "using the old" IEP from her prior school "that was dated 2015." (*Id.*). In 2020, M.D. "was placed in an out of district school called Lamberts Mills academy." (*Id.*). Plaintiffs allege that "[m]onths into the school year," the district held a meeting and agreed that Lamberts was "not a good fit" for M.D., that they could not provide any help to M.D., and that she had to be removed from Lamberts. (*Id.*). Plaintiffs claim that, once again, the district placed M.D. on home instruction and "refused to reevaluate her IEP." (*Id.*). Later in 2020, M.D. was allegedly placed in "another out of district school" called Nuview Academy. (*Id.*). Plaintiffs were unsatisfied with the placement due to conflicts, including bullying. (*Id.* at 1297). They allege that they requested that M.D. be placed in yet another school, but that they were told that there was no other school in which the district could place their daughter, and that the district again "refused to retest [M.D.'s] IEP." (*Id.*). After M.D. was allegedly involved in an altercation at Nuview, Plaintiffs assert that M.D. was suspended for five days. (*Id.*). Around this time, "the school and the district members decided to have a private meeting without the parents the next day and

decide[d] to terminate her placement without telling the parents." (*Id.*). The "special education supervisor for Union Board of Education" confirmed that M.D.'s placement was terminated. (*Id.*). The "school district" placed her on "home instruction again." (*Id.*). Plaintiffs allege "the school district still refuses" to reevaluate M.D.'s IEP and "[k]eeps switching" doctors. (*Id.*). Plaintiffs allege M.D. has had "no form of education now for a year and a half and there has been no effort on the district[']s end to help." (*Id.* at 1298). As such, Plaintiffs allege that M.D. was denied a FAPE "and is now just another statistic of children left behind." (*Id.*).

Plaintiffs allege that they "have been th[r]ough [two] due pro[cess] hearings. The first due process hearing was closed on November 6, 2021, with a judgment that was not followed by the defendants. The second was terminated by the [P]laintiffs since the second judge refused to uphold the first judge's ruling." (*Id.* at 1295). Plaintiffs allege that "the state" did not comply with N.J.A.C. 6A:14-2.7(h)(1)(i), which prohibits a district board of education from including its attorney in the resolution meeting—required to take place prior to a due process hearing—unless the parent is accompanied by an attorney. (*Id.*). Plaintiffs allege that "the school district refuses to implement state and federal law that protects special education children from not being [provided] a free and appropriate education in the least restrictive environment." (*Id.*).

### C. Procedural History

Plaintiffs initiated this action on January 25, 2022. (D.E. No. 1 ("Complaint")). On September 18, 2022, Plaintiffs filed an Amended Complaint naming Defendants Union County Board of Education, Kim Conti and Kari Ring (identified as "case workers"), Shifra Tarica (identified as "School Board Lawyer"), and Dr. Scott Taylor (identified as the Union Township School superintendent), invoking "the IDEA act, [t]he FAPE act, [and] [t]he NCLB act." (Am. Compl. at 1294–95). As relief, Plaintiffs seek implementation of a FAPE for their child. (*Id.* at

1296). The Court therefore construes the Amended Complaint as asserting the following federal claims: (i) failure to provide a free appropriate public education ("FAPE") in violation of the IDEA, 20 U.S.C. § 1401(9); and (ii) violation of the No Child Left Behind Act ("NCLBA"), 20 U.S.C. § 6301 *et seq*. On October 7, 2022, Defendants filed a motion to dismiss. (D.E. No. 38). However, the Court terminated that motion upon discovering that it appeared to address the original Complaint, rather than the Amended Complaint. (D.E. No. 43). Defendants filed a new motion to dismiss addressing the Amended Complaint on June 27, 2023. (Mov. Br.). The motion is unopposed.

## II.     LEGAL STANDARDS

As a preliminary matter, although Plaintiffs did not file an opposition to the instant motion, "the Court must address unopposed motions to dismiss a complaint on the merits." *Wiggins v. String,* No. 12-3176, 2013 WL 1222676, at *2 (D.N.J. Mar. 25, 2013).

### A.     Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999). Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2. Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). And "[a]lthough courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by

lawyers, *pro se* litigants still bear the burden of showing that the case is properly before the court at all stages of the litigation." *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the [C]ourt's subject matter jurisdiction." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). If the Rule 12(b)(1) motion is a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *Atkinson v. Pa. Shipbuilding Co.*, 473 F3d 506, 514 (3d Cir. 2007). "By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings." *Descalzi v. U.S. Post Off.*, No. 19-12832, 2020 WL 907773, at *1 (D.N.J. Feb. 25, 2020) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). Moreover, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 n.3 (citation omitted). Defendants raise both a facial and factual attack to subject matter jurisdiction. (Mov. Br. at 10–12). Because, as detailed below, the Court only considers Defendants' facial argument, the Court accepts Plaintiffs' factual allegations as true. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed, in whole or in part, for failure to state

6

a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a 12(b)(6) motion, the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). However, "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The burden is on the moving party to show that the plaintiff has not stated a facially plausible claim. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

A complaint must also meet the pleading requirements of Rule 8. Rule 8 requires that a complaint set forth the plaintiff's claims with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47 v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). As part of this notice pleading, a complaint must plead enough facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Twombly*, 550 U.S. at 556.

In evaluating a plaintiff's claims under Rule 12(b)(6), the Court considers the allegations in the complaint, as well as the documents attached thereto and specifically relied upon or incorporated therein. *See Sentinel Tr. Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d

Cir. 2003); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) (internal quotation marks omitted)).

## III.  DISCUSSION

### A.  IDEA Claims

First, Defendants argue that this Court lacks subject matter jurisdiction to review Plaintiffs' IDEA claims because Plaintiffs failed to exhaust their administrative remedies under the IDEA. (Mov. Br. at 11–12). Defendants assert that the Amended Complaint fails to demonstrate exhaustion facially. (*Id.* at 11). In addition, Defendants assert that documents outside of the Complaint describing "Plaintiffs' actions concerning the New Jersey [Office of Administrative Law]" (*id.* at 12), which Defendants attach to their Motion (*see* D.E. Nos. 48-4 & 48-5), factually demonstrate that Plaintiffs failed to exhaust their IDEA claims and thus that subject matter jurisdiction is lacking. (Mov. Br. at 12). More specifically, Defendants allege—and provide supporting documentation showing—that Plaintiffs were scheduled to appear at a hearing before an administrative law judge ("ALJ") concerning the claims they assert in the Amended Complaint, but refused to so appear, stating that they would "no longer participate on a state level." (*Id.*; *see also* D.E. Nos. 48-4 & 48-5). This was so even though the ALJ informed Plaintiffs of the procedural consequences of declining to appear. (Mov. Br. at 12; D.E. Nos. 48-4 & 48-5). Consequently, "the administrative law judge returned the petition for due process to the Department of Education." (Mov. Br. at 12; *see also* D.E. Nos. 48-4 & 48-5). Further, Defendants argue that the IDEA claims against the individual Defendants in this action (Dr. Scott Taylor, Kim Conti, and Kari Ring, collectively, the "Individual Defendants") fail because IDEA claims may

8

not be brought against individuals. (Mov. Br. at 13). As the motion is unopposed, Plaintiffs have provided no counterarguments.

The Court agrees with Defendants. First, because Plaintiffs have failed to demonstrate that they exhausted their IDEA claims, said claims must be dismissed for lack of subject matter jurisdiction. Second, because claims against individuals are not directly cognizable under the IDEA, Plaintiffs' IDEA claims against the Individual Defendants in this action must also be dismissed under Rule 12(b)(6).

First, the Court finds that Plaintiffs' IDEA claims must be dismissed for lack of subject matter jurisdiction. The "IDEA guarantees that all disabled children in states accepting federal funding for education for the disabled will receive a 'free appropriate public education.'" *Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 277–78 (3d Cir. 1996) (quoting 20 U.S.C. § 1415(a)). The IDEA "provides a procedure that allows disabled children and their parents to enforce this guarantee." *Id.* at 278.

Generally, parties are required to exhaust their administrative remedies before pursuing an IDEA claim in federal court. Section 1415(i)(2) of the IDEA provides that "[a]ny party aggrieved by the findings and decision made" in a due process hearing "ha[s] the right to bring a civil action with respect to the complaint . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). When a district court hears an action brought pursuant § 1415(i)(2), the court reviews the administrative record, hears any additional evidence submitted by either party, and is authorized to "grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C)(i)–(iii). Although § 1415(i)(2) grants subject matter jurisdiction to federal courts, "it is clear from the language of the [IDEA] that Congress intended plaintiffs to complete the administrative process before resorting to federal court." *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d

9

Cir. 1994); *see also Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) ("In the normal case, exhausting the IDEA's administrative process is required in order for the statute to grant subject matter jurisdiction to the district court." (internal quotation marks and alterations omitted)); *R.S. v. Glen Rock Bd. of Educ.*, No. 14-0024, 2014 WL 7331954, at *3 (D.N.J. Dec. 19, 2014) ("Individuals who wish to state a claim under the IDEA, however, '*must exhaust administrative remedies*' prior to initiating a lawsuit." (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 270–71 (3d Cir. 2014))).

Nonetheless, the Third Circuit has identified four exceptions to the IDEA's administrative exhaustion requirement. *See Komninos*, 13 F.3d at 778. These exceptions include situations "where: (1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." *D.E. v. Central Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014). There is an overlap between the four exceptions, as courts have recognized that one ground for finding futility is where the issues involved are purely legal. *See Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990); *see also Old Bridge Bd. of Educ. v. R.D. ex rel.*, No. 15-3886, 2015 WL 4464152, at *4 (D.N.J. July 21, 2015) ("The purely legal exception to exhaustion is derived from the futility exception."). "Absent the existence of any of those exceptions, failure to exhaust will deprive a federal court of subject matter jurisdiction." *Central Dauphin Sch. Dist.*, 765 F.3d at 275.

"In the context of an IDEA claim, the exhaustion of administrative remedies is a jurisdictional matter." *H.A. v. Teaneck Bd. of Educ.*, No. 09-3301, 2010 WL 891830, at *4 (D.N.J. Mar. 10, 2010). "When claims fall within the ambit of the IDEA, plaintiffs fail to exhaust their administrative remedies, and no exception to the exhaustion requirement applies, a court must

10

dismiss such claims for lack of subject matter jurisdiction." *D.M. & L.M. o/b/o E.M. v. New Jersey Dep't of Educ.*, No. 14-4620, 2015 WL 7295992, at *5 (D.N.J. Nov. 17, 2015) (citing *Batchelor*, 759 F.3d at 269, 281). Significantly, "[t]he party seeking relief from exhaustion bears the burden of proof." *L.V. ex rel. G.V. v. Montgomery Twp. Sch. Dist. Bd. of Educ.*, No. 13-2595, 2013 WL 2455967, at *4 (D.N.J. June 5, 2013) (citing *Honig v. Doe*, 484 U.S. 305, 327 (1988)). "Exhaustion of the IDEA's administrative remedies is required not only for actions brought under the IDEA, but also for other actions brought 'seeking relief that is also available under [the IDEA].'" *Swope v. Cent. York Sch. Dist.*, 796 F. Supp. 2d 592, 599 (M.D. Pa. 2011) (quoting 20 U.S.C. § 1415(l)) (alteration in original); *see also id.* at 599–600 (noting that "courts have repeatedly held that, to the extent that any claim seeks relief that is available under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought").

Here, Plaintiffs' Amended Complaint facially fails to demonstrate (i) that Plaintiffs exhausted their administrative remedies under the IDEA or (ii) that they fall under an exception to the exhaustion requirement. Nowhere in their Amended Complaint do Plaintiffs explain how they have met the exhaustion requirement or why they may be exempted from it. All Plaintiffs allege in regard to the administrative proceedings that preceded this civil lawsuit is that

> We have been though 2 due prosses [sic] hearings. The first due process hearing was closed on November 6th, 2021, with a judgement that was not followed by the defendants. The second was terminated by the plaintiffs since the second judge refused to uphold the first judge's ruling. . . . We started the complaint with [the Office of Special Education Programs] and OAL [the Office of Administrative Law]. This is where we did get a judgement for the school district to educate our daughter and communicate with the parents. . . . After this judgement was made by an OAL judge nothing progressed and we wound up with another OAL judge that did not want to follow the first judge[']s ruling and called the father a liar.

(D.E. No. 37 at 1295 & 1297). Even construing these allegations liberally, as the Court must do

11

with the filings of *pro se* litigants, these bare assertions are insufficient to demonstrate exhaustion. Nowhere do Plaintiffs clearly indicate that they (i) presented the instant claims for administrative review and were "aggrieved" by the administrative decision in regard to said claims, and (ii) appealed that aggrieving decision at the state level to the state educational agency.[2] *C.J. v. Willingboro Public Sch. Dist. Bd. of Educ.*, No. 20-4272, 2021 WL 3579024, at *5 (D.N.J. Aug. 13, 2021) (noting that "exhaustion requires parties to allege that they presented their claims for administrative review and that they have been 'aggrieved' by the administrative 'findings and decision.' . . . It also requires plaintiffs to appeal an adverse finding or decision at the state level before seeking relief in federal court" and finding that Plaintiffs failed to plead those things and thus did not adequately allege exhaustion); *Dawidoicz v. Rutgers Univ.*, No. 18-3285, 2019 U.S. Dist. LEXIS 190371, at *11 (D.N.J. Oct. 31, 2019) ("Construing the Amended Complaint liberally, Plaintiffs do not plead that they exhausted administrative mechanism, nor do they argue otherwise in their opposition briefs. Because Plaintiffs failed to exhaust the administrative mechanism for their claims . . . the Court lacks subject matter jurisdiction over these claims."). And nowhere do Plaintiffs attempt to plead facts demonstrating they are excused from the exhaustion requirement under any of the previously-described exceptions. *See Allen v. State-Operated Sch. Dist. of City of Newark*, No. 12-3128, 2013 WL 4774473, at *4 (D.N.J. Sept. 4, 2013) (dismissing complaint where Plaintiff neither pleaded exhaustion nor "established futility, existence of a purely legal question, an inability for the administrative process to provide relief, or a threat of severe or irreparable harm"). Thus, this Court lacks subject matter jurisdiction over Plaintiffs' IDEA

---

[2] While Plaintiffs vaguely indicate that they might have been aggrieved by the second ALJ's decision refusing to follow the first ALJ's decision, that second decision would not have been adversely determinative of the specific claims asserted in this lawsuit. And regardless, Plaintiffs do not indicate that they appealed the second decision at the state level either.

12

claims.[3]

Second, Plaintiffs' IDEA claims against the Individual Defendants fail under Rule 12(b)(6). "[N]o provision of the IDEA or implementing regulations extends its obligations to individual actors." *P.N. v. Greco*, 282 F. Supp. 2d 221, 238 (D.N.J. 2003); *see also Taylor v. Altoona Area Sch. Dist.*, 513 F. Supp.2d 540, 553 (W.D. Pa. 2007). As such, the Individual Defendants are not subject to direct individual liability under the IDEA. Accordingly, Plaintiffs' IDEA claims against the Individual Defendants (Dr. Scott Taylor, Kim Conti, and Kari Ring) are dismissed *without prejudice*.[4]

### B. NCLBA Claims

Finally, Defendants argue that Plaintiffs' claim under the No Child Left Behind Act should be dismissed because "[f]ederal courts have made clear that parents and individuals do not have a private right of action to enforce services under the [NCLBA]." (Mov. Br. at 14). To support this claim, Plaintiffs merely allege that M.D. is "just another statistic of children left behind." (D.E. No. 37-1 at 1298). Since "[c]ongress did not intend to give individuals a right to enforce the notice and supplemental educational services provisions of the Act," this Court must dismiss Plaintiffs' NCLBA claim. *Newark Parents Ass'n v. Newark Pub. Sch.*, 547 F.3d 199, 214 (3d Cir. 2008); *see also Dunleavy v. New Jersey*, 251 F. App'x 80, 82 (3d Cir. 2007) ("[T]he District Court was correct in dismissing [the plaintiff's] NCLBA claims because he had no private right of action under the statute."). To the extent that Plaintiffs seek relief under the NCLBA, Plaintiffs' claim is **DISMISSED** *with prejudice.*

---

[3] Because subject matter jurisdiction for Plaintiffs' IDEA claims is lacking facially, the Court declines to address Defendants' argument that subject matter jurisdiction is also lacking under a factual analysis.

[4] While IDEA claims may be able to be brought under 42 U.S.C. § 1983 against state actors, *see Greco*, 282 F. Supp. 2d at 238, Plaintiffs' Amended Complaint makes no mention of that statute and does not explain how the Individual Defendants are state actors. However, because the possibility of bringing an IDEA under § 1983 remains, the dismissal of these claims is without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' IDEA claims are dismissed *without prejudice*. Plaintiffs' NCLBA claim is dismissed *with prejudice*. An appropriate Order follows.

Dated: January 12, 2024                                             Esther Salas, U.S.D.J.

14